## McClain *v.* Lawrence County.

*Justice of peace—Power to employ detective—Fees of such detective.*

A justice of the peace may issue a warrant of arrest and a commitment to a licensed detective, and the latter having undertaken to execute the warrant is entitled to the same fees as a constable. Fees in such case for serving subpœnas should be taxed according to the fee bill of 1899.

*Practice, Superior Court—Case stated—Modification of judgment.*

Where items are improperly included in the taxation of costs which are made the subject of a case stated, the appellate court must reverse in the absence of power given by the case stated to enter judgment for a reduced amount.

Argued May 16, 1900. Appeal, No. 132, April T., 1900, by defendant, in suit of William McClain against County of Lawrence, from judgment of C. P. Lawrence Co., Dec. T., 1899, No. 117, in favor of plaintiff on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Case stated. Before WALLACE, P. J.

The facts sufficiently appear from the case stated, which is as follows :

And now, October 2, 1899, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict.

That in the case of Com. v. David Murphy, at No. 24, September sessions, 1899, of the court of quarter sessions of Lawrence county, the defendant being charged with felonious assault with intent to kill and murder, entered the plea of nolle contendere and was sentenced by the court, whereupon the county of Lawrence became immediately liable for the costs of prosecution.

That the said William McClain has been engaged in the business of a detective for hire and reward for and during the time since the —— day of May, 1899, and has and is advertising his business to be that of a detective and is conducting a detective agency, having first obtained a license so to do

from the court of quarter sessions of the county of Lawrence, wherein the principal office of such detective and such agency is located, to wit: at the city of New Castle in said county, and has in all respects complied with the Act of May 23, 1887, P. L. 173 and the supplements thereto.

That the information and complaint charging the said David Murphy with felonious assault with intent to kill and murder, in said case at No. 24, September sessions, 1899, was made before John R. Potter, an alderman in and for said city of New Castle in the county of Lawrence and state of Pennsylvania, on July 13, 1899. That the said John R. Potter, alderman, on July 13, 1899, issued a warrant in said case to the said William McClain, or next constable. That the said William McClain, plaintiff, on July 13, 1899, arrested the said David Murphy on said warrant and brought the said David Murphy, defendant in said case, to the office of the said John R. Potter, alderman, and the said plaintiff also executed two commitments and two releases and served the subpœnas on the commonwealth's witnesses for a hearing in said case, issued by the said alderman, and taxed thereon costs amounting to $11.94, as appears on the transcript of the said alderman, and on file in the court of quarter sessions of Lawrence county at No. 24, September sessions, 1899, said transcript being made a part hereof.

If the court be of opinion under the law, that the said plaintiff is entitled to the fees and costs in the said case, then judgment to be entered for the plaintiff and against the defendant in the sum of $11.94, but if not, then judgment to be entered for the defendant, the costs to follow the judgment and either party to have the right of appeal to the Superior Court.

Extract from transcript referred to in case stated:

| | |
|---|---:|
| Information | $ 50 |
| Entry | 25 |
| Warrant | 50 |
| Def't recog. for hearing | 50 |
| Commitment, 2 | 1.00 |
| Release to jailor | 70 |
| Subpœna 11 names | 1.25 |
| Amount carried forward | $4.70 |

| | |
|---|---:|
| Amount brought forward | $4.70 |
| Writing ex. of deft. | |
| Hearing | 50 |
| Continuance | |
| Oath, 2 | 20 |
| Pros. recog. | |
| Def't recog. | 50 |
| Trans. and Cert. | 50 |
| | $6.40 |
| Witness: | |
| James Alison | $ 50 |
| Fred Darch | 50 |
| Constable: | |
| Executing warrant | $1.00 |
| Assist | 1.00 |
| Mileage | 20 |
| Serving subpœna | 5.50 |
| Mileage | 24 |
| Executing commit., 2 | 2.00 |
| 2 Releases | 2.00 |
| | $11.94 |

Judgment in favor of plaintiff for $11.94. Defendant appealed.

*Error assigned* was entry of judgment on the case stated in favor of plaintiff.

*C. H. Akens,* with him *Wylie McCaslin,* for appellant.—The recovery and payment of costs in criminal cases are so entirely dependent on statutory regulations in Pennsylvania that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims: Com. v. Buccieri, 153 Pa. 570 ; McCallister v. Armstrong County, 9 Pa. Superior Ct. 423.

In view of these principles the appellee points to the Act of May 23, 1887, P. L. 173, and claims that appellant is liable to him for his "fees and costs," as a "detective" under that act.

The appellee is empowered to serve warrants for hire in pur-

suance of his contracts of employment. He must receive his compensation from his employer. He cannot have the right of a constable, a public officer, to "fees and costs" out of the county fund for the service of warrants and, at the same time possess the "power" to serve warrants under private contracts for "hire or reward." This would be against public policy: Smith v. Whildin, 10 Pa. 39.

The very purpose of the legislature in establishing fee bills is "to cut up by the roots" the practice of allowing "compensatory" fees: Kline v. Shannon, 7 S. & R. 377; Simmons v. Kelly, 33 Pa. 190.

Appellant does not deny liability for serving subpœna, $2.00, and mileage, twenty-four cents, and respectfully requests the opinion of the court on the liability of the county to the appellee for any of the other items claimed.

*Robert K. Aiken,* for appellee.

OPINION BY RICE, P. J., July 26, 1900:

The principal question in this case is as to the liability of a county to a licensed detective for fees for serving a warrant of arrest and a commitment issued to him by a justice of the peace in a felony case, the defendant having been convicted and sentenced. The Act of May 23, 1887, P. L. 173, entitled "An act to make the carrying on of the business of detectives without license a misdemeanor, and to regulate the licensing and powers of detectives," provides in the 3d section as follows: "Any person or persons, licensed as aforesaid, shall have the power to serve warrants in criminal cases within this commonwealth." Moreover, independently of the act of 1887, the plaintiff had power to serve the warrant. Upon the question of the power of a justice to issue his warrant in a criminal case to a private citizen, and of the latter to execute it, Judge KING said: "The authorities from the Year Books down to the most recent and approved text writers flow in one uniform course and all agree, that a justice of the peace, in a criminal case, may authorize any person whom he pleases to be his officer. All, however, consider that it is better to direct his process to the constable of the place where it is to be executed; and this because no other constable or a fortiori, a pri-

vate person can be compelled to execute it:" Commonwealth v. Keeper, 1 Ash. 183. The suggestion that the plaintiff was acting as the agent for hire of some private person has nothing on the record to support it. He was a licensed detective, it is true, but there is nothing in the act restricting his power to serve warrants to cases in which he has been employed as a detective. Having undertaken to serve the warrant, his power and duty to execute it were the same as those of a constable. We are of opinion that he was entitled to the same fees, upon the same principle which permits the taxation of the officer's fee for the service of subpœnas by private persons. See Patterson v. Anderson, 1 Pa. C. C. 86; s. c. 16 W. N. C. 526, Cody v. Clelam, 1 Pa. C. C. 8, Lyon v. Marshall, 1 Pa. C. C. 90, Peterson v. Williams, 1 Pa. C. C. 93, Carroll v. Petry, 15 W. N. C. 416, Coleman v. Hess, 1 Browne, 274, Elliott v. Mutual F. Ins. Co., 1 Pa. Dist. Rep. 546, Youngs v. Harold, 3 Pa. Dist. Rep. 510, Horner v. Harrington, 6 W. 331, and McCallister v. Armstrong Co., 9 Pa. Superior Ct. 423. The county was admittedly liable for the cost of prosecution; and the court committed no error in taxing these fees as part thereof.

It is admitted that the fees for serving subpœnas should have been taxed according to the fee bill of 1899, Act of February 17, 1899, P. L. 3; and for the taxation of the five items, "Assist, $1.00" and "2 releases, $2.00" we can find no warrant in the fee-bill. The contention that the plaintiff is entitled to compensatory fees for those services cannot be sustained. The principle enunciated by Chief Justice GIBSON in Bussier v. Pray, 7 S. &. R. 447 forbids their allowance.

It follows that the plaintiff was not entitled to judgment for the full amount of his claim, and in view of the stipulation of the case stated we doubt our power to enter judgment for part.

It is ordered, that, unless the parties within thirty days shall file a stipulation in the office of the prothonotary of this court permitting judgment to be entered for such part of the plaintiff's claim as under the foregoing opinion defendant is liable for, the judgment be reversed; but if such stipulation be filed that then the judgment be reduced to $5.44, and as thus modified affirmed.