## Keech *v.* County of York, Appellant.

*Practice—Service of process by private citizen—Fees—Payment by county—Act of May 20, 1921, P. L. 1006.*

Under the provisions of the Act of May 20, 1921, P. L. 1006, the Sheriff and his regular deputies, in such number as may be ascertained and determined by the salary board, are compensated by fixed salaries, and all fees earned by any of them belong to the county.

But a private individual who executes a warrant issued by an alderman and also serves subpoenas for the hearing can recover from the county, if the alderman dismisses the case, the legal fees allowable to constables for such service.

It is immaterial that the person making the service held a general commission as a deputy sheriff where it appears that he received no salary for his services as a deputy and that the service was not rendered in his official capacity.

Argued March 17, 1927. Appeal No. 21, March T., 1927, by defendant from judgment of C. P. York

County, August T., 1926, No. 46, in the case of Ralph Keech v. County of York.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Case stated in an action of assumpsit for legal fees in the execution of a warrant and service of subpoenas. Before NILES, P. J.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff in the sum of $4.40.   Defendant appealed.

*Error assigned* was the judgment of the Court

*Walter B. Hays,* County Solicitor, for appellant.

*Ray P. Sherwood,* for appellee.

OPINION BY CUNNINGHAM, J., April 22, 1927:

An information charging a criminal offense by a defendant therein named was made before an alderman of the First Ward of the City of York, Pa., who issued a warrant and directed the same "To the Sheriff of York County, or any Detective or Constable, or Ralph W. Keech in said County." Keech executed the warrant and a commitment was handed to him addressed "To any Constable or Police Officer, or Ralph W. Keech, and the Keeper of the Prison of the County of York." The commitment, however, was not fully executed as the defendant secured bail. Keech also served a subpoena upon three witnesses for the hearing before the alderman. The legal fees allowable to constables for the services rendered by Keech aggregate $4.40. The alderman after a hearing dismissed the case, discharged the defendant therein and directed the County of York to pay the costs of prosecution. Upon presentation by Keech of his bill for the above

mentioned costs payment thereof was refused by the County of York. Keech, claiming to be legally entitled to receive these costs and retain them for his own use, brought suit and a case was stated for the opinion of the Court of Common Pleas of that county, which court, in an opinion filed, entered judgment in favor of Keech and the County of York took this appeal. The rendition of the services by Keech is admitted but it is contended in behalf of the county that he is not entitled to recover these costs because he had been commissioned on January 7, 1924, by the Sheriff of York County as a Deputy Sheriff and was holding this commission at the time the services were performed.

Under the provisions of the Act of May 20, 1921, P. L. 1006, the Sheriff of York County and his regular deputies, in such number as may be ascertained and determined by the salary board, are compensated by fixed salaries, and all fees earned by any of them belong to the county, but Keech was not such a Deputy Sheriff. If the warrant and subpoena involved in this case had been served by the sheriff or one of his regular and salaried deputies such fees as are fixed by the constables fee bill would have been collectible, but the sheriff or such deputy would have been required to pay them into the county treasury. There is nothing in the record of this case to indicate that the warrant and subpoena were issued to Keech in his capacity as a general deputy sheriff without salary. The inference would rather be that they were issued to him in his individual capacity as a private citizen. Whether the alderman acted discreetly in so doing is a question not involved on this appeal. He had power to authorize any person whom he might select to be his officer. The facts here are similar to those involved in the case of McClain v. Lawrence County, 14 Pa. Superior Ct. 273. In that case a justice of the peace issued a warrant and a commitment to a licensed detective, and

it was held that such detective was entitled to the same fees as a constable would have been entitled to receive for executing the same process. If the warrant here had been directed to a constable (and this under all the authorities is the better practice unless some necessity exists for issuing such process to a private individual) there could be no question about the liability of the County of York to pay these costs. The plaintiff was not a regular deputy sheriff by designation of and with a salary fixed by the salary board and we are of opinion that the mere fact that he had been commissioned generally by the sheriff as one of his deputies, without salary, does not prevent him, under the circumstances of this case, from recovering the fees in question.

The assignment of error is overruled and the judgment affirmed.