## Kerns' Appeal

*Victor J. Roberts*, of *High, Dettra & Swartz*, for appellant.

*Paul P. Wisler*, for Commonwealth.

DANNEHOWER, J., March 29, 1944.—This is an appeal by a licensee from a decision of the Secretary of Revenue suspending his operator's license. Petitioner, Robert Allen Kerns, is a resident of Montgomery County. On September 22, 1943, he received notice from the Secretary of Revenue that a hearing would be held on October 5, 1943, at the Pennsylvania State Police Barracks in Philadelphia, at which time he was to be given an opportunity to show cause why his Pennsylvania operator's license should not be revoked. The reason given in the notice for the hearing was: "Notifi-

cation from the State of New Jersey that you were convicted of a violation of the motor vehicle laws of said State."

Following said hearing on November 24, 1943, said licensee received a notice of "withdrawal of operating privileges as of November 10, 1943, for an indefinite term of withdrawal".

At the Montgomery County hearing on this appeal, petitioner testified that he was arrested and pleaded guilty to speeding in New Jersey on four different occasions: May 10, 1939, October 15, 1940, April 20, 1941, and September 8, 1941; and that after a hearing on April 26, 1943, his operator's license was revoked in New Jersey. He further testified without objection that while he did exceed the speed limit as established by the State of New Jersey (40 miles per hour) he was on all occasions driving under 50 miles per hour, the limit established for highways in the State of Pennsylvania under The Vehicle Code of May 1, 1929, P. L. 905, sec. 1002, as amended.

Section 615 of The Vehicle Code of 1929 provides that the Secretary of Revenue may suspend after a hearing ". . . the operator's license . . . of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state *of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator.*" (Italics supplied.)

The question before the court is: Is the conviction for operating a motor vehicle in excess of the speed limit of another State but within the speed limit of Pennsylvania an offense which, if committed in this Commonwealth, would be ground for the suspension or revocation of the license of such operator?

Driving an automobile at a speed in excess of the limitation fixed by The Vehicle Code within this Commonwealth is an offense, and conviction thereof au-

thorizes and justifies the Secretary of Revenue in suspending an operator's license: Epstein v. Boardman, 32 D. & C. 577 (1938). Likewise, driving at an excessive rate of speed is an offense in the State of New Jersey, although each State may define the offense differently and fix the limit as to speed on the highways at a different rate. However, this difference is one of degree only and does not change the essence, substance, or identity of the offense. The offense is commonly called "speeding", no matter in what State it occurs. A Pennsylvania court may not refuse to recognize a New Jersey conviction for exceeding the speed limit merely because the facts there proved would not sustain a conviction on that charge in this State. The law where the offense is committed governs, and once the accused is convicted in New Jersey of an offense which if committed in this State would be ground for the suspension of his operator's license such conviction is res adjudicata in Pennsylvania, and our Secretary of Revenue is given power to suspend or revoke the license. Petitioner relies solely upon the fact that New Jersey and Pennsylvania at the time of the commission of said offenses differed as to the speed limit fixed by State legislatures at which they have determined it is safe to drive on a highway.

The real purpose of the act under which petitioner's license was suspended was to control the licenses of those operators who do not obey the motor vehicle regulations on the public highways, whether they demonstrate their disregard, recklessness, or unfitness in Pennsylvania or elsewhere. A licensee of this Commonwealth, who has exceeded the speed limit of the same State four times and has been convicted thereof, is within the class of drivers that our legislature wished to give the Secretary of Revenue the right to control.

And now, March 29, 1944, for the foregoing reasons, the appeal is dismissed at petitioner's cost.