## Schmid Motor Vehicle Operator License Case.

WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Argued June 15, 1961. Before ERVIN, WRIGHT,

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WOODSIDE, J., September 12, 1961:

David M. Schmid was convicted of speeding in New Jersey at 82 miles per hour in a 60 miles per hour speed

zone. Within the last few years he had had other motor vehicle law violations. After the Secretary of Revenue received notice of the conviction from the New Jersey officials, he suspended Schmid's motor vehicle operator's license. Schmid appealed, contending that his speed in New Jersey had been detected by radar, and that the secretary was without authority to suspend the license of an operator whose excessive speed was not determined in the same manner as prescribed by statute for the apprehension of speeders in this Commonwealth.

The case was heard by Judge FORREST for the court below. It is evident from reading the record that Judge FORREST was not impressed by the argument of Schmid. He recognized that the offense for which the secretary suspended Schmid's license, under §618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §618(e), was the act of speeding, and that the radar report was merely evidence of the offense. When Judge FORREST's attention was called to a similar case in which another judge of his court, less than a month before, had reversed the order of suspension made by the secretary, he properly concluded that the law of his judicial district had been established, and that it was his duty to follow it.[1] The Commonwealth appealed.

*Sheehy Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 122, 173 A. 2d 752 (1961), governs this case. For the reasons set forth therein the order of the court below must be reversed.

Order of the court below is reversed, and the order of the Secretary of Revenue suspending appellee's license is reinstated.

---

[1] We are reversing the case which Judge FORREST followed. See *Moyer Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 131, 173 A. 2d 756 (1961). That case did not follow the reasoning of Judge (now President Judge) DANNEHOWER, Montgomery County, in *Kern's Appeal,* 51 Pa. D. & C. 136 (1944).