Sheehy Motor Vehicle Operator License Case.

Argued June 15, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Chester T. Cyzio,* with him *William Vincent Mullin,* for appellee.

OPINION BY WOODSIDE, J., September 12, 1961:

This case involves the suspension of a motor vehicle operator's license following a conviction in New Jersey for speeding detected by radar. The appeal is by the Commonwealth from an order of the court below which reversed an order of the Secretary of Revenue suspending the license of Francis E. Sheehy.

The Secretary of Revenue received notice from the New Jersey officials that Sheehy had been convicted in that state of speeding at 63 miles per hour in a 50 miles per hour speed zone. After a hearing, the secretary suspended Sheehy's operator's license under the authority given him by §618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §618(e).

This subsection provides as follows: "The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The court below thought that the offense of which Sheehy was convicted in New Jersey was not an offense "which, if committed in this Commonwealth, would be grounds for the suspension . . . of the license of an operator," because the speeding for which he was convicted was detected by radar.

Radar was not recognized as a legal means of detecting speed law violators in Pennsylvania when Sheehy was convicted in New Jersey, nor when his license was ordered suspended here. The Act of April 28, 1961, P. L. 108, which provides that an operator may be prosecuted for a speeding violation in Pennsylvania detected by radar under certain circumstances, did not become effective until September 1, 1961. In addition to providing for radar detection of speeding in Pennsylvania, Act of April 28, 1961, supra, prohibits suspension in Pennsylvania under §618(e), supra, after the expiration of a suspension imposed by the state from which notice of conviction was received. However, this act, by specific provision in section 3, applies "only to *violation* occurring on or after the effective date of the act," which was September 1, 1961. (Emphasis supplied).

Section 1002(d)(1) of The Vehicle Code, supra, 75 P.S. §1002(d)(1), specifies the evidence of speeding which can be used to secure a conviction in Pennsylvania. The court below concluded that the Secretary of Revenue had no power to suspend an operator's license upon notice of a conviction of speeding in another state, unless the evidence of speeding used in that state to obtain the conviction could have been used in this state had the same act taken place and the same charge been made in Pennsylvania. As evidence of speed obtained by radar was not recognized in Pennsylvania when the violation occurred in New Jersey, the court below held that a conviction obtained through radar detection in another state could not be recognized in

Pennsylvania for the purpose of suspension of the operator's license.

Section 1002(d)(1), supra, provides for the timing of speed for at least an eighth of a mile by two or more officers under certain circumstances, and by one officer in a motor vehicle for at least a quarter of a mile under other circumstances. It is argued that since evidence of speeding is inadmissible to sustain a conviction in Pennsylvania unless the speed is checked for these distances, speeding for less than these distances is no "offense" in Pennsylvania, and since radar does not measure speed for an eighth of a mile, Sheehy committed no offense which was grounds for a suspension in Pennsylvania.

The appellee contends that the notice of conviction in New Jersey must show that the excessive speed continued for "the requisite distance" before the secretary has authority to suspend his license. In a Pennsylvania business or residential district, the excessive speed must be measured over a distance of at least an eighth of a mile if timed by two officers, but it must be measured for one-fourth of a mile if timed by an officer using a vehicle. Thus, a person exceeding the speed limit for an eighth of a mile could be convicted if detected by one means, but could not be convicted if detected by another means. The operator speeding for an eighth of a mile would be violating the speed limit prescribed in The Vehicle Code regardless of the means of detection, but the evidence could be used only if the speed were detected in a particular manner.

An examination of §1002 shows that the "offense" of speeding, to which §618(e) relates, is not found in clause (d) of §1002, but in clauses (a), (b) and (c).

We are here concerned with clause (b). It provides that "speeds in excess of the maximum limits hereinafter provided shall be unlawful". The violation of these provisions, for which a fine is imposed, is the

"speed in excess of the maximum limit" set forth in the subsections of clause (b). The offense is the *act* of speeding in excess of the maximum limits—the operating at a speed which exceeds the speed limit. The procedure that must be followed and the type of evidence necessary to convict is another matter.

Clause (d) does not define the offense of speeding. In its own language, it provides the method "of ascertaining whether or not the operator of such vehicle is violating a speed provision of the act". The "offense" is "violating a speed provision". The "speed provisions" are in clauses (a), (b) and (c). Clause (d) provides, as counsel for appellee in this and in similar cases have both aptly stated in their briefs, "the method by which a speeding violation is determined". The method by which the violation is determined is not part of the offense.

Speeding at 63 miles per hour in a 50 miles per hour speed zone is an "offense" in Pennsylvania "which would be grounds for the suspension". It was not necessary for the notice from New Jersey to show that the evidence upon which the operator was convicted would have been sufficient to convict him in Pennsylvania. Furthermore, if the evidence of the operator at the Pennsylvania hearings on his suspension, establishes that the evidence submitted against him in the sister state was, in fact, insufficient to convict him of a similar charge if made in Pennsylvania, that would not deny to the Secretary of Revenue the right to suspend the operator's license. Section 618(e) of The Vehicle Code, supra, does not limit suspensions to cases where the *convictions* could have been obtained in Pennsylvania, but to cases where the *offenses* would be grounds for suspension in Pennsylvania.

If it were necessary for the Commonwealth to establish in each case of notice of conviction of an operator in another state that the evidence resulting in

conviction and the procedure followed in that state met all of the evidential and procedural standards of this Commonwealth, §618(e), supra, would be useless. The legislature could not have intended the Secretary of Revenue to be concerned in these license cases with the size of the other state's speed signs, their distance apart, whether the arresting officer was in uniform, when and how his detection device was tested, whether the conviction was before the nearest available magistrate and the unlimited other requisites for conviction which vary throughout the fifty states. In construing an act which requires construction, practical utility is to be considered. *Pottsville Referendum Case,* 363 Pa. 460, 467, 70 A. 2d 651 (1950).

Although we are this day reversing three other similar orders—another from Philadelphia County and two from Montgomery County—the majority of the common pleas courts have affirmed the secretary in suspending licenses under similar circumstances. Opinions sustaining suspensions after speeding convictions proved by radar in sister states were written by Judges SHELLEY of Dauphin, READINGER of Berks, LICHTENFELD of Chester, CLARK of Indiana, KLEPSER of Blair County, and others. (Most of these opinions have not yet been reported). See also *Schmid Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 120, 173 A. 2d 758 (1961) ; *Commonwealth v. Urey,* 18 Pa. D. & C. 2d 616 (1959), and *Kern's Appeal,* 51 Pa. D. & C. 136 (1944).

Counsel in this case also questions the constitutionality of §618(e) of The Vehicle Code, supra, on the ground that there is no relation between a motor law violation by a Pennsylvania operator in another state and the public safety of the users of the highways of this Commonwealth.

A license to operate a motor vehicle on the public highways of this Commonwealth is a privilege which

the Commonwealth can grant, deny or limit upon any reasonable basis. By the process of licensing, the Commonwealth attempts to limit the use of its highways to persons who *can* and *will* drive safely. If the Commonwealth believes that a person can not drive safely because of age, physical disabilities, mental incapacities, or ineptitude, it refuses to grant such person a license. Because these unfortunate persons lack the ability to drive safely, they are denied a valuable privilege. The great majority of those who are licensed to operate motor vehicles are safe drivers, but there are a few who are unwilling to abide by the rules of the road. Fining these operators does not seem to discourage violations. Withholding operating privileges is more effective. An operator licensed in Pennsylvania is held out by this Commonwealth as one who can and will operate a vehicle safely. Because Pennsylvania licensed him, our sister states recognize him as a proper person to operate a vehicle on their highways. If he is apprehended for violating the motor vehicle laws of another state, doubt is thrown upon his willingness to comply with the motor vehicle laws while driving in this state. The conviction is evidence of a state of mind. It indicates a lack of concern for the rules of the road. If his violations are frequent or if a single violation is flagrant, the operator becomes a threat to the safety of the highways everywhere he is authorized to drive, including Pennsylvania. It seems to us that the relationship between the safety of our highways and the control over our own licensed operators who have been convicted of motor vehicle violations in other states is self-evident.

The appellee also questions the right of the Secretary of Revenue to take into consideration his other out of state violations in determining the length of suspension in this case. The purpose of a suspension is threefold: to encourage the person whose license is suspended to drive more safely when his license is restored;

to encourage others to drive safely; and to make the highways safer during the time the violator has no privilege to operate. There are an unlimited number of circumstances which may be considered in determining the period of suspension. Other motor vehicle law violations, regardless of where they occurred, are among the circumstances which the secretary may consider.

Equal justice is difficult to obtain. There are honest differences of opinion on the weight which should be given to such matters as the seriousness of the offense, the number and type of prior violations, the previous good record of the operator, and the effect on the person of being without an operator's license. The appellee here was a bus driver. His chances of apprehension for an intentional or unintentional violation were greater than those of most licensees. Furthermore, the loss of his license is more serious to him. On the other hand, he and the other three operators whose cases are now on appeal to this Court, exceeded the speed limits by more than 10 miles per hour. Furthermore, he, and two of the other three appellees had prior convictions within the last few years. The Secretary of Revenue is charged with the duty of licensing only those who can and will drive safely, and the legislature has given to him, and not to the courts, discretion to determine the length of suspension necessary and advisable to maintain safety.

The provision in the Act of April 28, 1961, supra, relating to the serving of a suspension in Pennsylvania after a suspension imposed by another state does not apply to this case and its companion cases, because under Section 3 of said Act none of its provisions apply to violations occurring prior to September 1, 1961, and because the only reason the suspension had not been served by the operator prior to the effective date of the above amendment is because the court granted a supersedeas at the operator's request.

Order of the court below is reversed, and the order of the Secretary of Revenue suspending appellee's license is reinstated.