## Waryck v. Insurance Co. of North America

*Keith R. McMillen,* for plaintiff.
*Daniel F. LaCava,* for defendant.

KUNSELMAN, *J.,* August 11, 1983 — On February 20, 1983, Tammie Lynn Waryck was killed in an automobile accident in Beaver County, Pa. At that time, plaintiff, Frank Waryck, was named insured in a policy issued by defendant which covered three automobiles. The policy provided Personal Injury Protection, as required by the Pa. No-fault Motor Vehicle Insurance Act, for each of the three vehicles and separate premiums were charged for each vehicle. Tammie Lynn Waryck was the daughter of Frank Waryck who was not dependent upon her for support.

While defendant paid the sum of $1,500 on account of the funeral expense; it has refused to pay survivor's loss and work loss benefits. Its position is bottomed on the assertion that the estate is not eligi-

ble for benefits since it is not a survivor as defined in the Act and that the father is not entitled to benefits since he was not dependent upon decedent for support.

Frank Waryck filed this action individually and in his capacity of Administrator of his daughter's Estate. Plaintiff s claims are for $45,000 work loss benefits $15,000 survivor's loss benefits and an additional $3,000 funeral expense benefit. There is nothing in the pleadings to indicate:

1. The amount of wages decedent would have earned had she not been killed;

2. The amount of income which the decedent would probably have contributed to her father or expenses he would incur in obtaining services she would have performed for his benefit if she hadn't been killed; or

3. The amount of the funeral expense.

Defendant averred that the plaintiff is not entitled to "stack" the benefits because its policy contained a Non-Duplication of Benefits clause which provides as follows:

"Conditions H. Non-Duplication of Benefits; Other Insurance. No eligible person shall recover duplicate benefits for the same elements of loss under this or any other similar automobile insurance including self-insurance. If the eligible person has such other insurance applicable to the accident, the maximum recovery shall not exceed the amount payable under the insurance or self-insurance providing the highest dollar limit.

In no case shall the Company be liable for a greater proportion of any loss than this policy's limit of liability bears to the sum of all limits of liability of all applicable insurance and self-insurance."

This non-duplication of benefits clause was specifically pleaded by defendant in new matter. How-

ever, the court notes that the policy also contained the following provision which was not specifically pleaded:

"LIMITS OF LIABILITY. Regardless of the number of persons insured, policies or plans of self-insurance applicable, claims made or insured motor vehicles to which their coverage applies, the company's liability for personal injury protection benefits with respect to bodily injury to any one eligible person in any one motor vehicle accident is limited as follows:

(1) the maximum amount payable for work loss shall not exceed $15,000 . . . ;

(3) the maximum amount payable for funeral expense shall not exceed $1,500;

(4) the maximum amount payable for survivor's loss shall not exceed $5,000.

ANY AMOUNT PAYABLE BY THE COMPANY UNDER THE TERMS OF THIS COVERAGE SHALL BE REDUCED BY:

(a) All benefits or advantages, . . . that an eligible person receives or is entitled to receive under the laws of any state or the federal government providing social security (benefits); . . .".

Defendant has averred in its new matter and counter-claim that, if it is determined that plaintiff is entitled to receive a funeral expense benefit in excess of $1,500, then it is entitled to a set-off in the amount of $255 which plaintiff received or was entitled to receive as the lump sum Social Security Death Benefit.

Plaintiffs have filed a motion for judgment on the Pleadings in which they request the court to enter judgment in their favor and against defendant for the survivor's benefit of $5,000; work loss benefits of $45,000; interest thereon at 18 percent per annum from 30 days after defendant was placed on

notice of the claim; and reasonable attorney's fees based upon the number of hours expended (44.5). While the prayer for relief limits the survivor's benefit to $5,000 and omits a claim for additional funeral expense benefits, the court will consider such claims since they were pleaded in the complaint.

Of course, we cannot enter judgment on the pleadings unless there are no issues of fact and the case is clear. Commonwealth ex rel. Milk Marketing Board v. Ohio Casualty Insurance Co., 25 Pa. Commw. 371, 360 A.2d 788 (1976). The only arguable issue of fact relates to plaintiff's payment of premiums due and owing on the policy. Defendant's answer to their averment is a general denial and demand for proof because, after reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth thereof. Of course, defendant's own records would indicate whether or not premiums had been paid. Consequently, the defendant's allegation that it has insufficient knowledge to form a belief as to the truth thereof is patently incredible and untrue. As a result, we will treat the plaintiff's averment as having been admitted. See Goodrich Amram 2d, §1029 (c):1. Moreover, in Paragraph 5 of the defendant's Answer, it admitted that the policy was in effect on February 20, 1982.

Thus, from a review of the plaintiff's complaint and the defendant's answer, new matter and counterclaim, it is obvious that the sole defenses to plaintiff's claims are that:

1. The Estate is not entitled to recover No-fault benefits because it is not a survivor as that term is defined in the Act;

2. Frank Waryck is not entitled to recover the No-fault benefits because he was not dependent upon the decedent for support; and

3. Plaintiffs cannot "stack" such benefits because "stacking" is contrary to the Act and the policy provisions.

## RIGHT TO BENEFITS

The right of an Estate to recover work loss benefits and the question of dependency have been decided by en banc decisions of our Superior Court in the cases of Freeze v. Donegal Mutual Insurance Co., 301 Pa. Super. 344, 447 A.2d 999 (1982) and Chesler v. Government Employees Insurance Co., 302 Pa. Super. 356, 448 A.2d 1080 (1982).

Freeze clearly holds that the estate of a deceased victim is entitled to recover work loss benefits under the Act and Chesler clearly holds that a child, parent, brother or sister need not show dependency in order to recover the survivor's loss benefit.

Defendant argues that we should not follow these decisions for two reasons. First, both cases have been accepted for review by our Supreme Court and so we are not bound by either decision. Second, with respect to the dependency issue, our Supreme Court has already spoken in the case of Midboe v. State Farm Mutual Automobile Insurance Co., 495 Pa. 348, 433 A.2d 1342 (1981). However, as the Superior Court correctly pointed out in Chesler, supra, the Midboe case is not binding precedent because the Supreme Court was evenly divided on that issue. In addition, we have no right to ignore the Freeze and Chesler decisions of the Superior Court until that Court or the Supreme Court overrules them. Until that time, the cases are the law of the Commonwealth and we are bound to follow them. See Townsend Trust, 349 Pa. 162, 36 A.2d 438 (1944).

## STACKING

There are, as yet, no appellate decisions on the question of "stacking" No-fault policies or coverage. The question has been decided by a number of common pleas courts and the Federal District Court for the Western District of Pennsylvania in both reported and unreported decisions. The reported cases have been reviewed. The review discloses three cases which have denied stacking and six cases which have approved stacking. Those cases which have denied "stacking" include: Pontius v. U.S.F.& G., 102 Dauphin Co. R. 432 (1981); Kirsch v. Nationwide Insurance Co., 532 F. Supp. 766 (W.D. Pa.); and Weaver v. Nationwide Mutual Insurance Co., 70 Del. Co. R. 143 (1983). Those cases which have approved "stacking" include: Heinsey v. Nationwide Insurance Co., 74 Berks L.J. 87, 21 D&C 3rd 127; Brendlinger v. Allstate Insurance Company, 64 West L.J. 67; Isenberg v. Nationwide Mutual Insurance Company, 131 P.L.J. 114; and Eget v. Maryland Casualty Company, 40 Lehigh L.J. 123. In addition, The Honorable Robert C. Reed of this court approved "stacking" in Mellon Bank N.A., et al. v. Allstate Insurance Company, No. 472 of 1981 (Beaver County, October 15, 1982) as did The Honorable Thomas C. Mannix in Rhodes v. Travelers Insurance Companies, No. 302 of 1981 (Beaver County, 1981).

The rationale of the cases which denied stacking is persuasive. Pontius said that, while one of the purposes of No-fault is the maximum feasible restoration of accident victims and compensating them for economic loss, it also is to provide a low cost insurance system and whether "stacking" accords with that purpose is properly a matter for the legislature. Weaver said that, since ceilings were placed

upon work loss and survivor's loss, a reasonable inference is that the ceilings represent a reasonable recovery and a legislative demarcation between minor and serious injuries for which the tortfeasor is still liable. Kirsch found fault with the analogy to stacking of Uninsured Motorists Coverage. Such coverage is intended to provide for innocent victims of irresponsible drivers, is not intended to limit the cause of action against the tortfeasor and provides a minimum — not a maximum — amount of coverage. On the other hand, No-fault provides a specific amount of recovery without fault and allows prompt compensation up to the ceiling. Once the ceiling is exceeded, the tortfeasor is liable to pay the excess.

The rationale of the cases which have approved "stacking" is likewise persuasive. In Brendlinger, the court reasoned that, at the time the legislature enacted the No-fault Act, it was aware that stacking of Uninsured Motorists Coverage had been permitted. Therefore, if it was opposed to stacking, it could easily have prohibited it. Judge Silvestri, in Isenberg, decided the issue on the basis of contract law, without regard to legislative intent. He reasoned that, since the insured paid premiums in amounts substantially sufficient to provide a single policy in amount sufficient to cover all loss, to deny such coverage would deny the insured what he bargained for.

Of course, we are not bound by the decisions from our sister counties and the defendant argues that we are not bound by the decisions of our brothers, Honorable Robert C. Reed and Honorable Thomas C. Mannix. This is plainly erroneous if their decisions were based upon similar facts. If the cases are similar, then the law of this judicial district has been established and we are bound to follow it. See

Schmid Motor Vehicle Operator's License Case, 196 Pa. Super. 120, 173 A.2d 758 (1961).

A review of the opinions in Mellon Bank N.A. and Rhodes disloses that both cases are similar to the case at bar with one exception. Those cases did not involve policies of insurance which included the Limitation of Liability provision contained in the defendant's policy which clearly limit recovery of work loss to $15,000, funeral expense to $1,500, and survivor's loss to $5,000, regardless of the number of vehicles insured.

Therefore, we must decide whether this policy provision is enforceable. If it is not, then we are bound to follow Mellon Bank N.A. and Rhodes and hold that plaintiff is permitted to "stack" the coverage. We are mindful that the court in Brendlinger held a similar clause in Allstate's policy to be against public policy. However, no reasons were given for that conclusion. We do not believe that such a clause is against public policy per se but conclude that repugnancy to the statute is required. See Harleysville Mutual Casualty Company v. Bluming, 429 Pa. 389 (1968) and Alderman v. State Farm Mutual Automobile Insurance Company, 255 Pa. Super. 116 (1978).

Similar limitation of liability language in Uninsured Motorists Coverage was held to be in derogation of and repugnant to the Uninsured Motorist Act in Sones v. Aetna Casualty and Surety Company, 270 Pa. Super. 330, 411 A.2d 552 (1979). In so holding, the Superior Court relied upon State Farm Mutual Auto Insurance Company v. Williams, 481 Pa. 130, 392 A.2d 281 (1978) and Harleysville, supra. The rationale of those cases was that, while the statute provides for minumum coverage, it does not place any limit on the total amount a victim might recover for a loss resulting from the negli-

gence of an uninsured operator. Consequently, where an insured suffers loss which exceeds the first coverage, he may recover under another coverage, up to actual loss, if separate premiums are paid for the additional coverage.

The same rationale does not apply to the No-fault Act. 40 P.S. § 1009.101 et seq. The declared legislative purpose of the Act is to provide for prompt and adequate basic loss benefits to accident victims or their survivors at a reasonable cost. To accomplish this purpose, the scheme of the Act is to restore a victim's economic loss by providing for the payment of all basic medical and rehabilitative costs, and the recovery of a reasonable amount of work loss, replacement services loss and survivor's loss while at the same time, eliminating the need for determining fault except in the case of a serious injury. This is made clear by Section 102, Section 103, and Section 201.

Section 201 establishes the right of a victim or survivor of a deceased victim to basic loss benefits. That phrase is defined in Section 103 as benefits for net loss sustained. Loss is accrued economic detriment consisting of and limited to allowable expense, work loss replacement services loss and survivor's loss.

With the exception of funeral expenses which are limited to $1,500, allowable expenses are unlimited, thereby assuring that all basic medical and rehabilitative expenses are paid. However, limitations were placed upon work loss ($15,000), replacement services loss (up to $25 per day for an aggregate of 1 year), and survivor's loss ($5,000) in Section 202, thereby assuring that a reasonable amount of such losses are paid.

Recovery of economic losses which exceed these limitations is preserved by retaining the liability of

the tortfeasor in Section 301 (A) (4) and recovery of non-economic losses is preserved in certain situations (serious v. minor injuries) in Section 301 (A) (5).

Since the tortfeasor remains liable for economic losses which exceed the limitations and non-economic losses in the case of serious injury, and, since every policy is required to include Uninsured Motorist Coverage which can be "stacked" under our decisional law, we conclude that even a victim with catastrophic injuries can be reasonably compensated without "stacking" no-fault coverage. Therefore, we conclude that the limitation of liability clause in defendant's policy is not repugnant to the No-fault Act.

This conclusion is supported by considering the affect of Section 207. That section provides as follows:

"Added loss benefits

(a) Mandatory offering. — Obligors providing security for the payment of basic loss benefits shall offer or obligate themselves to provide added loss benefits for injury or damage arising out of the ownership, maintenance, or use of a motor vehicle, including:

(1) loss excluded from basic loss benefits by limits on allowable expense, work loss, replacement services loss, and survivor's loss;

(2) benefits for damage to property;

(3) benefits for loss of use of a motor vehicle;

(4) benefits for expense for remedial religious treatment and care;

(5) for physical damage to a motor vehicle, a coverage for all collison and upset damage; subject to an optional deductible; and

(6) for economic detriment, a coverage for work loss sustained by a victim in excess of limitations on basic loss benefits for work loss.

(b) Additional loss coverage. — Subject to the approval of terms and forms by the commissioner, obligors may offer or obligate themselves to provide other added loss coverages.

The commissioner may adopt rules requiring that insurers providing basic loss insurance offer, in accordance with this act, any other specified added loss coverages and promulgate regulations with respect thereto." 40 P.S. § 1009.207.

It is clear from this section that insureds can purchase coverage to compensate them for losses which would otherwise be limited by Section 202. It is reasonable to conclude that, if the legislature had considered "stacking" of such benefits as the method of achieving the recovery of a "reasonable amount of work loss, replacement services and survivor's loss", then it would not have needed to enact Section 207.

We previously stated that the defendant did not specifically plead the Limitation of Liability clause contained in its policy. However, the policy is attached to the plaintiff's complaint as an exhibit. Documents or exhibits which are attached to the pleadings are properly considered in ruling on a motion for judgment on the pleadings. Rice v. Rice, 468 Pa. 1, 359 A.2d 782 (1976); 6 Standard Pennsylvania Practice 2d 170.

For the foregoing reasons, we will permit the plaintiff to recover work loss and survivor's loss, together with interest thereon and a reasonable attorney's fee but will deny the plaintiff's claim to "stack" such benefits. However, since the pleadings do not disclose sufficient information to calculate the amounts to be awarded, we will enter judgment

510

as to liability only and reserve the question of amount to be awarded for a jury. See 6 Standard Pennsylvania Practice 2d 180. An appropriate order will be entered.

## ORDER

And now, this August 11, 1983, upon consideration of the pleadings and arguments of counsel, it is ordered as follows:

A. Plaintiff's motion for judgment on the pleadings is granted as to defendant's liability for work loss, survivor's loss, interest and attorney's fees.

B. Judgment shall be entered after jury trial on the issue of damages in amounts to be determined by a jury in favor of plaintiffs and against defendant.