**UNITED STATES of America**

v.

**Andrew SKURLA, et al., George Cavada, et al., Patsy Dominic Grillo, et al., Mike F. Sicilia, et al., and Althronia Brown, et al.**

Cr. Nos. 14111–14114, 14148.

United States District Court,
W. D. Pennsylvania.

Dec. 2, 1954.

See also, 126 F.Supp. 711.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Robert E. Kline, Louis C. Glasso, Pittsburgh, Pa., Paul R. McCormick, Greensburg, Pa., for defendants.

GOURLEY, Chief Judge.

This matter comes before the court on motions to dismiss the indictments and/or suppress the evidence, and for bill of particulars.

The defendants were indicted March 4, 1954 for violation of Section 241 of Title 18 of the United States Code. This section reads in part:

"If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; * * *." (Penal clause.)

The indictments recite that there was a general election in the Commonwealth of Pennsylvania on November 4, 1952, at which the voters voted on a United States Senator, members of Congress and other officials.

Within this Western District of Pennsylvania, which includes the Twenty-first and Twenty-sixth Congressional Districts, it is alleged that the divers parties indicted conspired with each other and with others to injure and oppress citizens of the United States and particularly their right of suffrage.

Several overt acts are alleged. The first is that the defendants cast and caused to be cast false, forged, illegal and fictitious votes, thereby diluting and destroying the value of votes legally cast.

The next overt act alleged is that the defendants caused an incorrect tally of the votes cast to be returned.

And the other overt act alleged is that the defendants did procure persons not qualified to vote to impersonate lawful voters and to cast illegal votes in said precinct.

All the defendants have been arraigned and all plead not guilty.

Motion to Suppress the Evidence.

In pursuance to a subpoena issued out of the District Court on behalf of the United States Attorney on July 31, 1953, directed to the Registration Bureau of Fayette County, the following records for the First, Second, Third and Fourth Wards of Brownsville and for the Sixth District of Luzerne Township, Fayette County, were produced:

(a) Voters' certificates for November 4, 1952 general election.

(b) Duplicate return sheets.

(c) Record of assisted voters.

(d) Elector officers oath.

(e) Numbered list of voters.

(f) Record of challenged votes.

Subsequently upon the stipulation and agreement between the United States Attorney and counsel for the County Commissioners that the documents may be vital to both the government and any one who may be indicted, they were to be impounded with the United States Marshal except when they were being used or examined by the grand jury then in session.

Because it is provided in the Pennsylvania Election Code of 1937, 25 Pa.P.S. § 2649, that election records need be preserved only for a period of eleven months from the date of the election and shall be preserved for a greater period when the County Board has been notified by a Judge of a court of record to preserve said records for a longer period of time, it became necessary for the District Court of the United States to enter an appropriate Order so that authorization would continue to exist for the United States Marshal to retain the custody and control of said records. Accordingly, the following Order was entered by the District Court at Miscellaneous No. 1794:

"Order

"And Now, this 27 day of October, 1953, It Is Ordered and Directed that all of the documents, records and ballot boxes heretofore produced by the authorities of Fayette and Westmoreland Counties, Pennsylvania, and which are not in the possession of the United States Marshal for the Western District of Pennsylvania, by virtue of a stipulation hereinbefore referred to, are hereby impounded in the care and custody of John E. Sloan, United States Marshal, who is to keep and preserve said records, provided however, that no person is to have ac-

cess to said records until further order of this court, which will be granted for cause shown if legal authority exists for the purposes desired by the person or persons who make application for authority to inspect said records.

"Wallace S. Gourley, CDJ
"Chief District Judge

"Approved:
"Rabe F. Marsh, D. J.
"Joseph P. Willson, D.J."

Subsequent to the entry of the aforesaid Order, the United States Attorney presented the following motion for permission to examine impounded evidence, the substance of which was as follows:

"That for the proper and complete investigation of alleged federal crimes in connection with the general election of November 4, 1952, it will be necessary to make technical tests and examinations in the Crime Laboratory of the F.B.I. at Washington, D. C., and on the documents and ballots so impounded.

"That these documents and ballots can be returned to the marshal unaltered, uninjured and unchanged in any respect (except for the seal on the ballot boxes) and in ample time for any defendant or defendants to prepare for trial."

On November 10, 1953, my associate, Judge Joseph P. Willson, entered an Order granting the aforesaid motion of the United States Attorney and directed the United States Marshal to deliver the records to the Federal Bureau of Investigation for crime laboratory examination in Washington, D. C.

Pursuant to said Order, the vote records were subsequently removed from the custody and control of the United States Marshal and were taken to the crime laboratory of the Federal Bureau of Investigation at Washington, D. C.

It is contended that the election documents and records so removed from the possession of the United States Marshal should be suppressed as evidence against the defendants in this proceeding because the voters' certificates and records were delivered to the Federal Bureau of Investigation for examination in Washington, D. C., ex parte, while such examination, involving as it does the sanctity of the ballot, should have been conducted in the presence of the court.

■ In view of the fact that an associate member of this court had directed and ordered the removal of the certificates and records for examination by the Federal Bureau of Investigation, it is incumbent upon this member of the court to be guided thereby. Judges of coordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other. Price v. Greenway, 3 Cir., 167 F.2d 196.

■ Upon a most thorough examination of the case law of the appellate courts, I am unable to find authority for the view that ex parte examination of legally acquired evidence should make the same subject to suppression. If it is defendants' contention that the certificates and records were tampered with while in the possession of the Federal Bureau of Investigation, such matter may be brought out at time of trial, and may be appropriately argued before the jury.

Accordingly, defendants' motions to suppress the evidence will be refused.

### Motion to Dismiss.

The defendants' motion challenges the applicability of the allegations of fact in the indictments to the statute invoked, advancing the thesis that Title 18 Section 241 applies only to those cases where a voter is deprived of his right to cast his ballot or to have it counted. In the instant cases, it is contended the alleged injury to the legal voters is de minimis since the indictments do not charge that the election results were materially affected by the alleged conspiracy, and do not constitute a substantial injury to the free exercise or enjoyment of their right to vote, and accordingly the indictment does not state facts sufficient to constitute an offense under the statute.

■■ I am satisfied that that section of the Criminal Code, which penalizes conspiracy to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, embraces the right of a voter in a congressional election to have his vote honestly counted, and is violated by a conspiracy of election officials to injure citizens of the United States in the free exercise and enjoyment of their right to vote for legally qualified persons for the office of United States Senator and United States Representative. United States v. Saylor, 322 U.S. 385, 64 S.Ct. 1101, 88 L.Ed. 1341; Crolich v. United States, 5 Cir., 196 F.2d 879.

The free and untrammeled election of public officials is a sacred trust which must forever remain unimpinged and unsullied.

At no time in our national existence have we owed a greater responsibility to more jealously and zealously guard the freedom of our elections—either from those who would subvert them in the mad frenzy for power, or those who would compromise and besmirch their meaning by fraudulent and illegal conduct at the polls.

In the long run, one can prove just as dangerous and inimical to free democratic instructions as the other.

I feel that an uncompromising adherence to these basic precepts together with a fair and undeviating application of the law is essential to a just and proper determination of the issues herein posed.

■ In some of the cases herein included, it is complained that not all the alleged co-conspirators were named as defendants. The law appears to be well settled that all conspirators need not be joined in a single indictment. United States v. Heitler, 7 Cir., 274 F. 401. In fact, the charge of conspiracy among defendants and divers persons unknown does not collapse with the acquittal of all except one defendant. Pomerantz v. United States, 3 Cir., 51 F.2d 911.

I must conclude, therefore, that the requisites of Rule 7(c) of the Federal Rules of Criminal Procedure have been fully satisfied in that the "essential facts constituting the offense charged" are stated, 18 U.S.C.A. Rule 7(c), and the offense charged is within the terms and provisions of the statute invoked.

Motion for Bill of Particulars.

■ A motion for a bill of particulars, in a criminal proceeding, is addressed to the trial court's discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Mesarosh, D.C., 13 F.R.D. 180.

Upon a review of the specific counts, it is my judgment that they speak with sufficient particularity to apprise the defendant of the crime charged to enable him to properly prepare his defense.

■ The government is not required to furnish the defendant in advance with the government's evidence. Mulloney v. United States, 1 Cir., 79 F. 2d 566. Nor is an indictment required to set forth a myriad of details or satisfy every objection which human ingenuity may devise. It is sufficient if it charges every substantial element of the offense, and at the same time apprises the accused of the charge against him in such a manner that he can prepare his defense without being taken by surprise, and to inform the court of the charges so that it may decide whether they are sufficient in law to support a conviction. Woolley v. United States, 9 Cir., 97 F.2d 258; United States v. Shindler, D.C., 13 F.R.D. 292; United States v. Krepper, 3 Cir., 159 F.2d 958.

■ For the reasons stated, defendants' motions to dismiss the indictments and/or suppress the evidence, and for bill of particulars will be refused.

An appropriate Order is entered.