Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Carmen D. Ambrosia and Rose M. Ambrosia, Appellees.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Robert D. George,* for appellees.

OPINION BY JUDGE BLATT, March 12, 1976:

This appeal raises the sole issue of whether or not the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) has received sufficient notice of the filing of a report of the Board of Viewers appointed to assess the compensation to be paid Carmen D. Ambrosia and Rose M. Ambrosia for the condemnation of their property pursuant to the Eminent Domain Code.[1] On October 30, 1973, the viewers filed their report with the Prothonotary of the Court of Common Pleas of Lawrence County and awarded $30,000 to the Ambrosias as just compensation for the taking. On the same day, a copy of the report was sent to and received at the Engineering District Office of PennDOT in Franklin, Pennsylvania.

On January 4, 1974, PennDOT appealed the viewers' report to the Court of Common Pleas of Lawrence County. Because this was more than thirty days after the expiration of the thirty-day period during which such appeals are allowed under Section 515 of the Eminent Domain Code, 26 P. S. §1-515, the Ambrosias petitioned the court to strike the appeal as untimely. PennDOT argued, however, that it had not been sufficiently served with notice of the filing of the viewers' report and that it should be

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

granted an extension of this filing time. The court below rejected the PennDOT argument and quashed its appeal. This appeal followed.

The PennDOT argument is that service of a viewers' report is not sufficiently perfected upon the Commonwealth unless it has been made in conformity with Pa. R. C. P. No. 2104(b)[2] and PennDOT regulations. The Ambrosias, on the other hand, argue that service in conformity with Section 513 of the Eminent Domain Code, 20 P. S. §1-513,[3] determines its sufficiency.

Clearly the viewers' report was not filed in accordance with Pa. R. C. P. No. 2104(b) because service was not made at the office of the Attorney General. We do not believe, however, that the Pennsylvania Rules of Civil Procedure govern proceedings under the Eminent Domain Code. This legislation was enacted in 1964, and Section 525 of the Code, 26 P. S. §1-525, clearly contemplated that

---

2. Quoted in full, Pa. R.C.P. No. 2104(b) reads:

"When an action is commenced against an officer of the Commonwealth, or against a department, board, commission or instrumentality of the Commonwealth, or a member thereof, other than an appeal from an administrative determination, order or decree of such officer, department, board, commission or instrumentality, *service shall be made at the office of the defendant and at the office of the attorney general* by handing a copy of the writ, or a complaint if the action is commenced by complaint, to the person in charge thereof." (Emphasis added.)

3. Quoted in full, Section 513 reads:

"The viewers shall file their report within thirty days of their final hearing or within thirty days from the filing of the transcription of the stenographic notes of testimony, which transcription shall be filed within thirty days of the final hearing. Ten days before the filing of their report, *the viewers shall mail a copy thereof to all parties or their attorneys* of record, with notice of the date of the intended filing and that the report shall become final unless an appeal therefrom is filed within thirty days from the date the report is filed. Prior to the filing of their report they may correct any errors therein and give notice thereof to the persons affected." (Emphasis added.)

the Supreme Court would promulgate rules of civil procedure with respect to procedural matters set forth in the Code.[4] Unfortunately, however, no such rules have been added since the Code was enacted. And we believe that, until such time as the Supreme Court sees fit to do so, the Eminent Domain Code continues to provide the exclusive procedure by which eminent domain matters are governed. *See Miller v. Pennsylvania Department of Highways,* 23 Bucks 297 (1973).

PennDOT also argues that if Section 513 of the Eminent Domain Code does apply, the service of the viewers' report upon the PennDOT District Office fails to satisfy the requirement of the section that service must be made upon the "parties" to the action. PennDOT asserts that under department regulations[5] the District Office is not a party but merely an agent of the process server possessing authority to transmit pleadings to PennDOT. It further cites *Izzi v. Commonwealth,* 11 Chester 280 (1963), wherein service upon a PennDOT maintenance office was held to be insufficient to perfect service upon PennDOT. In our view, however, neither the holding of *Izzi, supra,* nor the departmental regulations are applicable here.

---

4.  Section 525 reads in part:
    "Nothing herein contained shall be interpreted so as to prevent the Supreme Court of Pennsylvania from promulgating rules of civil procedure under provisions of the Act of June 21, 1937 (P.L. 1982) . . . ."

5.  The Rules and Regulations of PennDOT read as follows:
    Section 303
    "(c)  Legal process and legal pleadings delivered to any Department Office other than as specified in Paragraphs (a) and (b) above, will not be 'accepted' but will be 'received' for forwarding to the Chief Counsel at Harrisburg. The employee who 'receives' the legal process or legal pleading shall be deemed to be acting as agent of the process server in receiving and forwarding the document, and shall so inform him in the case of hand-delivered legal process or legal pleading."

The court in *Izzi* considered the propriety of service under Pa. R. C. P. No. 2104(b) and held that the rule allowed for service only at "the office" of the defendant and that the only PennDOT office which meets that description is "the office" in Harrisburg. Departmental regulations designating the District Offices as agents of the process server, therefore, would merely clarify the manner in which pleadings should be served under rule 2104(b). As we have said, however, rule 2104(b) does not apply to eminent domain proceedings, and Section 513 of the Code which does apply merely compels service upon "the party," not upon "the office" of the party. The District Office, upon which the viewers' report was served in this case, was the PennDOT office which had been concerned with all of the proceedings in this eminent domain case. It was, therefore, the proper office at which to serve PennDOT with the findings and award of the viewers. And we believe, as did the court below, that such service met the requirements of Section 513 of the Eminent Domain Code. The late appeal by PennDOT from the viewers' report was, therefore, properly quashed by the court below. We affirm.