Sarah Unger, Appellant *v.* Hampton Township Sanitary Authority, Appellee.

Argued May 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Richard K. Brandt,* with him *Edward F. Urbanik* and *Robb, Leonard & Edgecombe,* for appellant.

*Alvin E. Dillman, Jr.,* with him *Dillman, Sheerer & Schuchert,* for appellee.

OPINION BY JUDGE MENCER, June 21, 1976:

On October 19, 1970, the Hampton Township Sanitary Authority (Authority) filed in the Court of Common Pleas of Allegheny County a declaration of taking for the purpose of acquiring land needed to construct a public sewer, pursuant to the Municipality Authorities Act of 1945.[1] Among the lands condemned

---

[1] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301 et seq.

by the Authority was a large tract owned by Sarah Unger, the appellant here. The condemnation proceedings and resulting litigation extended over a period of five years and culminated in an order of the court below granting the Authority's motion to quash, *as untimely*, what Unger has characterized as her appeal from the viewer's report.

After carefully considering the record and the arguments of counsel, we are convinced that there would be no useful purpose served in our discussing at any length the ramifications of the procedures employed in this case by the viewers and Unger's response to those procedures,[2] for it is clear to us that Unger has been denied her notice rights under the Eminent Domain Code.[3]

On September 26, 1974, Unger received from the chief clerk of the board of viewers a letter notifying her of the intended filing of the viewers' report. The report was filed on October 15, 1974. However, at no time either ten days prior to the filing of that report or subsequent thereto did the viewers ever furnish Unger with a copy. Section 513 of the Code, 26 P.S. §1-513, requires that "[*t*]*en days before the filing of their report, the viewers shall mail a copy thereof to all parties or their attorneys of record,* with notice of the date of the intended filing and that the report shall become final unless an appeal therefrom is filed within thirty days from the date the report is filed." (Emphasis added.) Previously, we have concluded that, pursuant to the Code, a viewers' report must first be properly filed, which proper filing includes the mail-

---

[2] We do, however, invite examination of our recent analysis in *Kellman Trust Fund v. Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976). *See also* E. Snitzer, *Pennsylvania Eminent Domain* §§513 to 517-4 (1965, Supp. 1975).

[3] Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

ing of a copy of that report to all parties appearing before the viewers, in order to initiate the running of the thirty-day period allowed for filing of appeals from that report. *See Commonwealth v. Ambrosia,* 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976). Considering the direct statutory authority for that conclusion, we see no reason to depart from it now.

Order reversed and case remanded to enable the Hampton Township Sanitary Authority to mail a copy of its report filed on October 15, 1974 to Sarah Unger and to afford Sarah Unger a period of thirty days from receipt of a copy of the report to file, if she desires, an appeal therefrom.