Herman Yudacufski, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Thomas B. Rutter,* with him *Mary B. Stein,* for appellant.

*Martin Burman,* Assistant Attorney General, with him *Charles A. Buechel, Jr., Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, November 3, 1980:

In this eminent domain case, condemnee-appellant Herman Yudacufski has appealed from a denial of a motion for new trial, after the entry of judgment on a jury verdict in the Court of Common Pleas of Schuylkill County, awarding him damages of $75,000.

In 1964, the Pennsylvania Department of Transportation took 88.7 acres of appellant's 790.67 acre tract. In 1973, after extensive hearings and a view of the premises, the board of view awarded damages of $376,400. Both parties appealed to the trial court, where condemnee unsuccessfully petitioned for a change of venue because of alleged local prejudice against coal operators. Condemnee claimed the damages from the taking to be between approximately $3.3 million and $5.5 million; the Commonwealth's sole valuation witness appraised total damages at $37,000.

Condemnee's land was to be developed as a commercial-industrial and commercial-recreational project containing a coal preparation plant, lake, golf course, race track and freight airport. The condemnation and subsequent construction of a limited access highway split the tract into two non-contiguous parts.

At the de novo trial, condemnee presented four expert witnesses, whose testimony was based on information supplied by condemnee's developer, a registered professional engineer. None of these witnesses had seen the property before the condemnation. The Commonwealth also presented four expert witnesses; its valuation expert was the only witness who had visited the premises both before and after condemnation. The testimony conflicted strongly as to the extent that condemnation had interfered with the development of the tract.[1] The jury conducted an extensive view of the property.

Condemnee argues that the new trial motion should have been granted because (1) the lower court

---

[1] For a concise summary of the voluminous record of trial testimony, see Judge HEFFNER's opinion denying the motion for a new trial at 75 Sch. L.R. 70 (1979).

erred in denying his petition for a change of venue; (2) the verdict was against the weight of the evidence; and (3) the award was clearly inadequate.

With respect to the first contention, because the motion for a new trial did not preserve the issue of venue, condemnee cannot pursue that issue on appeal. Issues not preserved in the trial court will not be reviewed on appeal. Pa. R.A.P. 302(a); *Hawk Sales Co. v. Pennsylvania Department of Transportation*, 38 Pa. Commonwealth Ct. 535, 394 A.2d 657 (1978).

Before turning to the remaining issues, we note that a motion for a new trial is addressed to the discretion of the trial court, based on the circumstances of the particular case, and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Abrams, Inc. v. Redevelopment Authority of the City of Philadelphia*, 37 Pa. Commonwealth Ct. 343, 391 A.2d 1 (1978).

Our examination of the extensive record in this case satisfies us that the verdict is not inadequate or against the weight of the evidence. Our conclusion is to affirm by adopting the able opinion below of Judge HEFFNER, published at 75 Sch. L.R. 70 (1979).

Particularly persuasive is Judge HEFFNER's recognition that resolution of discrepancies in testimony and evaluation of witness credibility are functions of the jury, for which he soundly cited *Abrams, supra.* The conclusion that the verdict was supported by evidence is strengthened by the fact that the jury viewed the property, a factor to be given substantial weight. *Commonwealth v. Herold*, 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975). For us "to overthrow the verdict on the ground that it was against the weight of the evidence would, in light of the record, amount

to judicial usurpation of the jury's province." *Springer v. Allegheny County*, 401 Pa. 557, 561, 165 A.2d 383, 385 (1960).

Further, the trial court correctly observed that a finding of inadequacy does not automatically arise because there is a wide disparity between the board of view award, the jury verdict, and the damage appraisals made by the expert witnesses. *Nobel v. West Penn Power Co.*, 36 Pa. Commonwealth Ct. 577, 388 A.2d 781 (1978).[2]

We therefore find no error in the denial of condemnee's motion for new trial.

ORDER

AND Now, this 3rd day of November, 1980, the August 6, 1979 order of the Court of Common Pleas of Schuylkill County denying a motion for a new trial, at No. 364 September Term 1965 and No. 356 March Term 1967, is affirmed upon the opinion of Judge HEFFNER, at 75 Sch. L.R. 70 (1979).

----

[2] Appellant claims that the sizeable discrepancies among the board of view award, the jury award and the expert's valuations indicate the inadequacy of the verdict. In *Nobel*, the condemnee's expert valued damages at $640,000, the condemnee claimed $1,100,000, while the condemnor's expert appraised damages at $3,500. The board of view awarded $10,000, but the jury returned a verdict of only $4,600. The verdict was held to be not inadequate.