454 A.2d 923

**Herman YUDACUFSKI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1981.

Reargued May 17, 1982.

Decided Dec. 14, 1982.

Reargument Denied Feb. 3, 1983.

Lewis Kates, Philadelphia, for appellant.

Martin Burman, Sp. Asst. Atty. Gen., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

This is an appeal from the order of the Commonwealth Court,[1] which affirmed the decision of the Court of Common Pleas of Schuylkill County, denying the motion of appellant,

---

1. *Yudacufski v. Commonwealth, Department of Transportation,* 54 Pa.Cmwlth. 448, 422 A.2d 1181 (1980).

Herman Yudacufski, for a new trial in an eminent domain proceeding.[2]

In 1964, 88.7 acres of appellant's 790.67 acre tract were condemned by appellee, the Pennsylvania Department of Transportation ("Department"), for construction of Interstate-81 and the relocation of a pre-existing public road which traversed Interstate-81. Appellant's acreage contained a coal processing plant with culm banks and, in addition, was undergoing the planning and development of a lake, golf course, race track and airport. The highway construction divided the tract into two non-contiguous parts.

In 1973, a board of review awarded damages of $376,-400.00, from which both parties appealed to the court of common pleas. In a pre-trial ruling, appellant's petition for change of venue, which, among other things, alleged local prejudice against coal operators, was denied without opinion. Appellant formally excepted to this ruling. The case went to trial before the Honorable George W. Heffner, and despite appellant's claim of between $3 million and $5.5 million in damages, judgment at trial was entered on a jury verdict in favor of appellant for $75,000.00.

On appeal to the Commonwealth Court, appellant contended that the trial court erred in denying the pre-trial petition for a change of venue.[3] The Commonwealth Court, however, held that this issue was waived under Rule 302(a) of the Pennsylvania Rules of Appellate Procedure because it had not been raised by appellant in his post-trial motion for a new trial. *Yudacufski v. Commonwealth, Department of Transportation,* 54 Pa.Cmwlth. 448, 451, 422 A.2d 1181, 1182 (1980).

2. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 724. This opinion was reassigned to the writer on October 20, 1982.

3. Appellant also contended that the trial court verdict was against the weight of the evidence, and that the jury award was clearly inadequate. The Commonwealth Court, affirming the trial court, found no merit to these claims. Because of our ruling in this case, we need not decide these issues.

Rule § 302(a) provides: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." It cannot be disputed that the venue issue was not *raised* for the first time on appeal to the Commonwealth Court. Appellant submitted a pre-trial petition for change of venue. The trial court ruled adversely on this petition and appellant excepted to this denial as a matter of record. In addition, appellant noted the change of venue issue in his brief in support of his post-trial motions, although the claim was not specifically enumerated as a ground for a new trial.

A more decisive question is whether appellant's pre-trial motion for change of venue was properly *preserved* for appellate review. The Department contends that appellant's failure to raise the venue question as a specific ground for a new trial in his post-trial motions amounts to a waiver of this issue for purposes of appellate review. Appellant argues that his formal exception to the pre-trial ruling was sufficient to preserve the issue on appeal.

It is axiomatic that timely and specific objections are required to preserve claims of error *during* a civil trial. In *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974), this Court held that the general claim of basic and fundamental error was insufficient to preserve for appeal the claim of an erroneous jury instruction, where no specific exception was taken at trial. 457 Pa. at 260, 322 A.2d at 117. In *Dilliplaine,* Mr. Justice Roberts cited numerous reasons for the requirement of filing timely, specific objections for purposes of aiding both appellate review and trial court review of post-trial motions. 457 Pa. at 258–59, 259 n. 8, 322 A.2d at 116–17, 117 n. 8. Moreover, this Court in *Benson v. Penn Central Transportation Company,* 463 Pa. 37, 342 A.2d 393 (1975), held that a party failed to preserve for appellate review alleged instructional error in the court's charge to the jury because he did not file post-verdict motions on the issue. 463 Pa. at 41, 342 A.2d at 396.

However, notwithstanding the necessity of preserving alleged errors which occurred *during* a civil trial through post-trial motions, this Court has not specifically enunciated

the manner in which *pre-trial* rulings are to be preserved. The Pennsylvania Rules of Civil Procedure, dealing with post-trial motions in trials both with and without a jury, Rule 227.1 and Rules 1038(d) and 1518 respectively, do not specifically include a requirement that pre-trial rulings must be raised in post-trial motions in order to be preserved.[4] In addition, the Eminent Domain Code, Act of June 22, 1964, Special Sess.P.L. 84, *as amended,* 26 P.S. § 1–101 *et seq.,* does not address this particular issue.[5]

■ Furthermore, the record clearly indicates that appellant formally excepted to the trial court's denial of a change of venue and that the venue issue was at least mentioned in appellant's brief in support of his post-trial motions. In the absence of an explicit requirement in our Rules or cases that appellant take further steps to preserve the alleged error for appeal, we will not consider the pre-trial venue issue waived for purposes of appeal.[6]

■ Turning now to the merits of appellant's petition for change of venue, our standard of review of the denial of such a petition is whether the trial court abused its discretion. *Commonwealth v. Swanson,* 432 Pa. 293, 248 A.2d 12

**4.** Conversely, we note that the Rules of Criminal Procedure which, like the Rules of Civil Procedure, are promulgated by this Court, *expressly require* that exceptions to pretrial proceedings may only be preserved through written post-verdict motions. Pa.R.Crim.P. 1123(a).

**5.** A line of Commonwealth Court cases, starting with *Department of Transportation v. Ambrosia,* 24 Pa.Cmwlth. 8, 354 A.2d 257 (1976), have held that the Eminent Domain Code, and not the Pennsylvania Rules of Civil Procedure, provides the exclusive procedure by which eminent domain matters are governed. We need not now consider this line of cases since both the Eminent Domain Code and the Rules of Civil Procedure are silent on whether a pre-trial venue issue must be preserved through a post-trial motion.

**6.** This is not to say that exceptions to pre-trial rulings need not be raised in a post-trial motion. On the contrary, this matter will be referred to the Civil Procedure Rules Committee to determine whether Pa.R.C.P. 227.1, regarding jury trials, and Pa.R.C.P. 1038(d) and 1518, regarding non-jury trials, should be amended to include an explicit requirement that exceptions to pre-trial rulings be raised in a post-trial motion or be considered waived upon subsequent appeal.

(1968), *cert. denied,* 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969); *Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1959). In support of his contention that the court of common pleas abused its discretion in denying the change of venue, appellant asserts the opinion of the same court, per President Judge Curran, in *Seltzer Coal Co. v. Commonwealth,* 72 Sch.L.R. 29 (1976). Two weeks before the change of venue was denied in the instant case, President Judge Curran granted a change of venue in *Seltzer,* which also involved condemnation of property for construction of Interstate-81. Appellant cited President Judge Curran's well-reasoned *Seltzer* opinion in connection with his own change of venue petition and he now argues that for purposes of change of venue, *Seltzer* and the instant case are indistinguishable in all material respects.

As with *Yudacufski, Seltzer* involved the partial taking of a tract of land containing a coal processing plant. Both the Yudacufski and Seltzer tracts were located in Schuylkill County and were taken for the construction of Interstate-81. In addition, both Seltzer's and appellant's condemnation claims involved a substantial amount of culm.[7] Seltzer's condemned tract contained approximately 414,000 gross tons of culm, while appellant alleged the loss of 1,500,000 tons of culm.[8]

President Judge Curran, based his decision granting a change of venue in *Seltzer* on four factors, all of which are present in the instant case. After noting that culm was compensable under the Eminent Domain Code,[9] President Judge Curran stated:

**7.** Culm is a substance containing coal and coal residue that is free from rock and dirt contamination.

**8.** Actually, condemnation of the Yudacufski acreage directly involved only one culm bank containing approximately 314,000 tons of culm. Appellant alleges, however, that, by virtue of the taking, another sizeable culm bank was rendered worthless.

**9.** *See Commonwealth, Department of Transportation v. Seltzer,* 18 Pa.Cmwlth. 127, 334 A.2d 834 (1975).

> [T]he jurisdiction where this action is presently pending is to a large extent an anthracite mining area. As a result, many of its residents have a peculiar first-hand knowledge of culm or refuse banks. These banks abound within the jurisdiction and are generally thought of as ecological and economic eyesores. We believe that this situation could have an adverse effect on a trial where the final verdict substantially depends on the jury's monetary evaluation of such refuse or culm banks.

72 Sch.L.R. at 31 (1976). Clearly, the appellant's trial which involved a considerable claim for culm could likewise have suffered this adverse effect.

The trial court in *Seltzer* also addressed the argument that there existed in Schuylkill County such a general bias against coal mine owners and operators that it would be difficult to totally eliminate this local bias from any jury in that county. The court declared, "Ordinarily, we would disagree with such an argument. However, when it is viewed in light of the culm or coal silt issue heretofore discussed, we believe it reinforces the advisability of change of venue in this particular case." 72 Sch.L.R. at 32 (1976). Obviously, appellant's status as a coal operator would subject him to this local bias.

The *Seltzer* court also grounded its decision to grant a venue change on two additional considerations. First, the court feared a re-occurrence of prejudicial pre-trial publicity.[10] Secondly, the court reasoned that since the *Seltzer* eminent domain proceeding had been in litigation for over a decade, trial in a different jurisdiction would minimize or eliminate further delays by avoiding the collateral issues of local bias to coal operators and their claims of compensation for culm. While the instant case was not the subject of an earlier mistrial, there nevertheless existed the chance that prejudicial publicity would poison the trial, especially considering the attitudes of the local populace and the experi-

---

10. An earlier *Seltzer* trial in the Court of Common Pleas of Schuylkill County had been declared a mistrial because of prejudicial pre-trial publicity.

612

ence of the first *Seltzer* trial. Moreover, like *Seltzer,* the *Yudacufski* eminent domain proceedings also had been in litigation for over ten years.

█ The decision of the Schuylkill County Court of Common Pleas in *Seltzer,* as set forth in President Judge Curran's thoughtful opinion, established the law of that judicial district, and appellant appropriately drew the lower court's attention to the *Seltzer* decision. It is well-settled that, absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based on the same set of facts. *Fried for Use of Berger Supply Co. v. Feola,* 129 F.Supp. 699 (W.D.Pa.1954); *U.S. v. Skurla,* 126 F.Supp. 713 (W.D.Pa.1954); *Schmid Motor Vehicle Operator License Case,* 196 Pa.Super. 120, 173 A.2d 758 (1961). *See Stanley Appeal,* 204 Pa.Super. 29, 201 A.2d 287 (1964) (Watkins, J., dissenting). *See also, TCF Film Corp. v. Gourley,* 240 F.2d 711 (3d Cir.1957); *Commonwealth v. De-Michel,* 442 Pa. 553, 277 A.2d 159 (1971).

█ Although we recognize the interest of the trial judge in the swift and orderly administration of justice, we hold that the trial court abused its discretion in failing to follow the established precedent as set forth in *Seltzer.*

Accordingly, we reverse the order of the Commonwealth Court and remand this case to the Court of Common Pleas of Schuylkill County with directions to grant appellant's petition for change of venue.

ROBERTS, J., files a dissenting opinion in which FLAHERTY, J., joins.

ROBERTS, Justice, dissenting.

The majority holds today that because one judge determined in a single case, on the basis of a specific set of facts, that an individual coal operator could not obtain an impartial jury in Schuylkill County, another judge of the Court of Common Pleas of Schuylkill County was required to reach the same conclusion in a different case involving a different coal operator, without regard to the particular facts and

circumstances of that case. This remarkable and wholly unjustified requirement transforms into an inflexible rule of law a question which, until today, has always been left to the sound discretion of the trial court for determination on the basis of the facts presented. I must dissent.

Appellant advances two arguments in support of his claim that the denial of a change of venue was an abuse of the trial court's discretion. First, appellant contends that the granting of a change of venue to the Seltzer Coal Company by another judge of the Court of Common Pleas of Schuylkill County, fifteen days before the denial of a change of venue in appellant's case, *Seltzer Coal Company v. Commonwealth, Department of Transportation,* 72 Sch.L.Rev. 29 (1976), required the granting of a change of venue to appellant because his situation was "virtually identical" to that of Seltzer. Second, appellant argues that the alleged inadequacy of the jury's verdict must have been the result of juror prejudice. In my view, neither of these contentions has merit.

In *Seltzer,* which also involved the taking of property by eminent domain for the construction of Interstate Route 81, the original trial in 1970 had ended in a mistrial because of prejudicial pretrial publicity. The jury reached a verdict in the second trial, but plaintiff coal company's motion for a new trial was granted. The plaintiff then sought a change of venue for the third trial, which the court granted for a combination of reasons. First, extensive pretrial publicity had been directed specifically against the Seltzer Coal Company at the time the case was originally listed for trial, and the court found the plaintiff's fear of a recurrence of such prejudicial publicity "not completely unjustified." Second, in the court's view, culm banks were generally perceived by Schuylkill County residents as "ecological and economic eyesores," and, according to the court, this perception "would have an adverse effect on a trial where the final verdict substantially depends on the jury's monetary evaluation of such refuse or culm banks." Third, the court felt that the alleged "general bias against coal mine owners and opera-

tors," "viewed in light of the culm. . . issue" "reinforces the advisability of a change of venue." Finally, the court hoped that the granting of a change of venue would help to bring a protracted piece of litigation to a swift conclusion.

Unlike the plaintiff in *Seltzer,* appellant has not alleged that any pretrial publicity was ever directed at him. Moreover, as appellant's plans for his property included an airport, a golf course, and a race track, it is far from certain that appellant faced, in his trial, the same alleged "general bias against coal mine owners and operators" to which the Seltzer Coal Company was arguably subject in the third trial of its claim.

The only clear similarity between *Seltzer* and appellant's case is that both Seltzer and appellant sought compensation for the taking of culm banks. However, appellant's argument that the alleged inadequacy of the jury's verdict was the result of the jury's aversion to culm banks is belied by appellant's own admission that appellant's trial counsel introduced "no evidence . . . at trial with regard to the coal within the culm banks, its quality and value based on actual tests," and instructed "the experts to exclude from their valuations the value of culm." (Brief for Appellant at 11, 41). In light of this voluntary, if ill-advised, trial strategy, it is not surprising that appellant's brief in support of post-verdict motions relegates the change of venue issue to a postscript and proceeds instead on a theory of juror confusion, contending that "the case was and is a long and difficult case and was too much so for the jury to understand," and that "the award of the jury conclusively shows that the jury just did not understand the nature and extend [sic] of the plaintiff's damages. . . ."

Because the trial court was by no means presented with "the same set of facts" as existed in the *Seltzer* case, the majority's conclusion that the trial court should have relied upon the *Seltzer* decision as "established precedent" is manifestly incorrect. The jury's verdict in this case was above the valuation of the Commonwealth's expert and clearly based on competent and credible evidence. Appellant has

failed to show either that the trial court abused its discretion in denying appellant's motion for a change of venue or that the verdict was the result of juror bias. In the circumstances, the order of the Commonwealth Court affirming the denial of appellant's motion for a new trial should be affirmed.

FLAHERTY, J., joins in this dissenting opinion.