J-A31015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA HAMMERQUIST AND SUSAN PRESSLER, CO-EXECUTRICES OF THE ESTATE OF DOLORES R. SHIELDS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| VIDYA S. BANKA. M.D., SAHIL S. BANKA, M.D., VIDYA S. BANKA, M.D. & ASSOCIATES, P.C., PENNSYLVANIA HOSPITAL, PENN MEDICINE, D/B/A PENNSYLVANIA HOSPITAL, THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | |
| Appellees | No. 945 EDA 2016 |

Appeal from the Order Entered March 2, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03550 March Term, 2015

| | |
|---|---|
| PATRICIA HAMMERQUIST AND SUSAN PRESSLER, CO-EXECUTRICES OF THE ESTATE OF DOLORES R. SHIELDS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| VIDYA S. BANKA. M.D., SAHIL S. BANKA, M.D., VIDYA S. BANKA, M.D. & ASSOCIATES, P.C., PENNSYLVANIA HOSPITAL, PENN MEDICINE, D/B/A PENNSYLVANIA HOSPITAL, THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | |
| Appellees | No. 947 EDA 2016 |

J-A31015-16

Appeal from the Order Entered March 2, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  03550 March Term, 2015

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JANUARY 31, 2017**

Patricia Hammerquist and Susan Pressler ("Appellants"), co-executrices of the Estate of Delores R. Shields ("Ms. Shields"), appeal from the two orders entered on March 2, 2016, that granted (1) the motion for judgment on the pleadings filed by Vidya S. Banka *et al*., and (2) the motion for judgment on the pleadings filed by Pennsylvania Hospital *et al.* (collectively "Appellees").  We affirm.

This case began as a result of a medical procedure in which coronary artery stents were inserted in two of Ms. Shields' arteries on August 16, 2007.  On April 2, 2013, Ms. Shields received a letter from Pennsylvania Hospital informing her that she may have undergone the surgery unnecessarily.  After an independent review of her catheterization records, Ms. Shields was informed that the stent procedures had not been necessary. On March 27, 2015, Ms. Shields filed a writ of summons against various doctors and medical facilities.  Then, on May 11, 2015, she filed a complaint, including claims for "battery (lack of informed consent), common law fraud, corporate liability, negligence, recklessness and intentional misconduct, and

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

[violations of the] Unfair Trade Practices and Consumer Protection Law ("UTPCPL") [73 Pa.C.S. § 201-1 *et al*]." Trial Court Opinion (TCO), 6/28/16, at 1. In November of 2015, each group of Appellees filed a motion for judgment on the pleadings. The trial court entered the two separate orders from which these appeals emanate, granting the motions and dismissing Ms. Shields' complaint with prejudice. The basis for the dismissals rested on the court's determination that the complaint was barred by the statute of repose contained in the Medical Care Availability and Reduction of Error Act ("MCARE Act"), 40 Pa.C.S. §§ 1303.101 – 1303.910.[1] Appellants[2] appealed to this Court and submitted a concise statement of errors complained of on appeal in response to the trial court's order. *See* Pa.R.A.P. 1925(b). A trial court opinion was filed in response to Appellants' claims of error.

Appellants' brief filed with this Court contains five issues for our review:

> 1. Did the trial court improperly apply the MCARE Act's statute of repose to [Appellants'] claims in this matter which are based on a criminal and intentional battery purely performed for pecuniary gain and the cardiac stent placement surgery performed on Ms. Shields was not, by definition, a "healthcare service" because the procedure was a sham, not medically

---

[1] *See* 40 Pa.C.S. § 1303.513(a) (stating, "[e]xcept as provided in subsection (b) and (c), no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract").

[2] Ms. Shields passed away on December 3, 2015, and the two executrices of her estate were substituted as plaintiffs in this matter.

necessary and thus would not provide any benefit to [] Ms. Shields' health?

2. Did the trial court improperly apply the MCARE Act's statute of repose to [Appellants'] claims in this matter that were based on intentional, criminal and fraudulent conduct by [Appellees] performed only for pecuniary gain, despite the legislature's intent in that the MCARE Act only apply [*sic*] to medical malpractice claims?

3. Did the trial court improperly apply the MCARE Act's statute of repose to [Appellants'] claims for fraud and violations of the Pennsylvania UTPCPL when the MCARE Act does not specifically abrogate those causes of action?

4. Did the trial court improperly apply the MCARE Act's statute of repose to [Appellants'] claims for violations of the Pennsylvania UTPCPL when such claims are statutory causes of action that cannot be defined as torts or breaches of contract?

5. Did the trial court improperly apply the MCARE Act's statute of repose to [Appellants'] claims in this matter when [Appellants] pled continuing fraud and concealment and there was evidence in the record that there were new and continuing acts of fraud and concealment within the seven-year statute of repose that could serve as a basis for [Appellants'] claims?

Appellants' brief at 3-5.

In addressing Appellants' issues, we are guided by our well-settled standard of review for judgment on the pleadings.

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same

- 4 -

standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Century Surety Co. v. Essington Auto Center, LLC*, 140 A.3d 46, 51 (Pa. Super. 2016) (quoting *Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted)).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough, well-written opinion authored by the Honorable Denis P. Cohen of the Court of Common Pleas of Philadelphia County, dated June 28, 2016. We conclude that Judge Cohen's comprehensive opinion properly disposes of the issues presented by Appellants on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Cohen's opinion as our own and, on the basis stated therein, we affirm the orders appealed from that granted Appellees' motions for judgment on the pleadings and dismissed Appellants' complaint with prejudice.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017

IN THE COURT OF COMMON PLEAS

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA HAMMERQUIST and SUSAN PRESSLER APPELLANTS v. VIDYA S. BANKA, M.D., et al. APPELLEE | COURT OF COMMON PLEAS – PHILADELPHIA COUNTY 150303550 945 EDA 2016; 947 EDA 2016 |

## OPINION

### A. PROCEDURAL HISTORY

On March 27, 2015, plaintiff, Dolores R. Shields, filed a writ of summons and instituted this litigation against Vidya Banka, M.D., Sahil S. Banka, M.D., Vidya S. Banka, M.D. & Associates, PC., Pennsylvania Hospital, Penn Medicine d/b/a Pennsylvania Hospital, The University of Pennsylvania Health System, The Trustees of the University of Pennsylvania, Robert Singer, M.D., and Associated Cardiovascular Consultants, P.A. On May 11, 2015, plaintiff filed a complaint with claims for battery (lack of informed consent), common law fraud, corporate liability, negligence, recklessness and intentional misconduct, and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). On November 11, 2015, Defendants Vidya S. Banka, M.D., Sahil S. Banka, M.D., and Vidya S. Banka, M.D. and Associates, P.C. filed a motion for judgment on the pleadings. Defendants Pennsylvania Hospital, Penn Medicine d/b/a Pennsylvania Hospital, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania ("Penn Defendants") also filed a motion for judgment on the pleadings on November

Shields Vs Banka Etal-OPFLD



COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)   06/29/2016030355000149

16, 2015. On March 2, 2016, the Honorable Denis P. Cohen, Judge of the Court of Common Pleas, issued two orders granting the motions for judgment on the pleadings and dismissing plaintiff's complaint as barred pursuant to the statute of repose of the Medical Care Availability and Reduction of Error Act ("MCARE"). On March 17, 2016, a praecipe to substitute party was filed indicating that the plaintiff, Dolores Shields, had passed away on December 3, 2015 and that the co-executrices of Dolores Shields' estate, Patricia Hammerquist and Susan Pressler, would be substituted as plaintiffs. The plaintiffs filed a timely notice of appeal on March 21, 2016. On March 24, 2016, this Court issued an Order requiring plaintiffs to serve this Court with an itemized Statement of Errors Complained of on Appeal by April 14, 2016. *Cohen Order, 3/24/16.* On April 12, 2016, plaintiffs filed a Statement of Errors Complained of on Appeal alleging the following errors:

1. The Court improperly applied the MCARE Act's statute of repose to the Plaintiffs' claims for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and common law fraud because the MCARE Act did not specifically express a clear intent to abrogate those causes of action;

2. The Court improperly failed to consider the dates of Defendants' treatment subsequent to the initial unnecessary stent placement surgery as continuing fraud which gave rise to causes of action within the seven (7) year time period of the MCARE Act's statute of repose;

3. The Court improperly applied the MCARE Act's statute of repose to Plaintiffs' claim for violations of the UTPCPL because such violations are neither torts nor breaches of contracts, as required to be a "medical professional liability claim" under the MCARE Act;

2

4.  The Court improperly applied the MCARE Act's statute of repose to the Plaintiffs' claims in this action because Plaintiffs' claims are not "medical professional liability claims" under the MCARE Act;

5.  The Court improperly applied the MCARE Act's statute of repose to Plaintiffs' claims against the Penn Defendants because the claims against the Penn Defendants are based on their failure to properly supervise and monitor their employees to protect consumers and the general public from fraud committed by their employees, which continued well into the time period within which claims are allowed under the MCARE Act's statute of repose.

## B. FACTUAL HISTORY

According to the Complaint, on August 16, 2007, Dr. Vidya Banka or Dr. Shail Banka performed a coronary artery stent procedures on Dolores Shields' left anterior descending artery and her mid circumflex artery. *Complaint* ¶ 31. On April 2, 2013, Ms. Shields received a letter from Pennsylvania Hospital indicating that they had discovered that a portion of Dr. Vidya Banka's patients had undergone placements of coronary artery stents that may have not been necessary according to test results. *Id.* ¶ 34. In June 2013, Ms. Shields had her cardiac catheterization study performed by Dr. Banka evaluated by other doctors. *Id.* ¶ 39. The doctors told Ms. Shields that the catheterization findings of Dr. Vidya Banka were false and that her two stent procedures were unnecessary. *Id.* ¶ 40. Plaintiffs' complaint includes claims for battery (lack of informed consent), common law fraud, corporate liability, negligence, recklessness and intentional misconduct, and Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

## C. DISCUSSION

1.  All of plaintiffs' claims are barred by MCARE's statute of repose.

3

This Court properly determined that MCARE's statute of repose eliminates all of the plaintiffs' claims. The MCARE statute of repose states "no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract." 40 Pa. S. § 1303.513. Unlike statute of limitations, there is no tolling of the statute of repose because of the discovery rule or fraudulent concealment. *See Osborne v. Lewis*, 59 A.3d 1109, 1116 (Pa. Super. 2012) (holding that fraudulent concealment does not apply to MCARE's statute of repose); *cf. Altoona Area School Dist. v. Campbell*, 618 A.2d 1129, 1135 (Pa. Commw. 1992) (explaining that because a statute includes statute of limitations and not statute of repose, the claim is subject to discovery rule). Therefore, although Ms. Shields unfortunately did not learn that the stent placements may have been unnecessary until she received the letter from Pennsylvania Hospital in 2013, the applicable date for the statute of repose is August 16, 2007 when Dr. Banka performed the stent placements. To file within the seven year period required by the statute of repose, the plaintiffs needed to have commenced the litigation by August 16, 2014. Plaintiffs, however, began the instant action on March 27, 2015.

Plaintiffs argue, however, that their claims are not "medical professional liability claims" under MCARE. MCARE defines "medical professional liability claims" as "[a]ny claim seeking the recovery of damages or loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." 40 Pa. S. § 1303.103. All of plaintiffs' claims for damages are against health care providers related to the "furnishing of health care services" as the claims relate to a stent placement. The broad language of the definition of medical professional liability claim referring to "any tort or breach of contract" clearly eliminates plaintiffs' cause of action for battery,

4

common law fraud, corporate liability, negligence, and recklessness and intentional misconduct as these claims are all torts.[1]

However, less clear is whether plaintiffs' claim under the UTPCPL falls within MCARE's definition of "medical professional liability claim." Plaintiffs claim that defendants violated the UTPCPL by "[k]nowingly misrepresenting services . . . are needed if they are not needed," and "[e]ngaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." *Complaint* ¶ 95. Plaintiffs argue that because the UTPCPL claim is a statutory claim, it is not a tort or breach of contract claim and does not fall within MCARE's definition of "medical professional liability claim." Defendants argue that although UTPCPL is a statutory remedy, plaintiffs' UTPCPL claim is nearly identical to plaintiffs' fraud claim and is considered a "tort" for purposes of MCARE's statute of repose.

Whether the UTPCPL claim fits within the definition of "medical professional liability claim" is ambiguous. The UTPCPL claim is still a claim seeking the recovery of damages from a health care provider causing injury resulting from the furnishing of health care services. *See* 40 Pa. § 1303.103. Furthermore, something can be a statutory claim and still be a tort or breach of contract claim as well. In *Ash v. Continental Insurance Company*, the Pennsylvania Supreme Court held that the bad-faith insurance statute, 42 Pa. C.S. § 8371, is a statutorily-created tort remedy. 932 A.2d 877, 885 (Pa. 2007). The Superior Court held in *Gabriel v. O'Hara* that the UTPCPL "encompasses an array of practices which might be analogized to passing off,

---

[1] Plaintiffs claim that MCARE's statute of repose should not be applied to the common law fraud claim because the MCARE Act did not specifically express a clear intent to abrogate this cause of action. However, "the best indication of the General Assembly's intent is the plain language of the statute. 'When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent.'" *Allstate Life Ins. Co. v. Commonwealth*, 52 A.3d 1077, 1080 (Pa. 2012) (*quoting Chanceford Aviation v. Chanceford Twp. Bd. of Supervisors*, 923 A.2d 1099, 1104 (Pa. 2007)). Because courts interpret common law fraud as a tort and the fraud claim relates to the furnishing of medical services, the plain language of the statute indicates that plaintiffs' common law fraud claim is a "medical professional liability claim" that is subject to MCARE's statute of repose.

5

misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty." 534 A.2d 488, 494 (Pa. Super. 1987). Several courts have analyzed whether claims under the UTPCPL are closer to torts or breach of contract claims. *See e.g., Knight v. Springfield Hyundai*, 81 A.3d 940, 951 (Pa. Super. 2013) (determining that gist of action for UTPCPL claim was in tort and not breach of contract); *Gabriel*, 534 A.2d at 393-394 (discussing cases where Courts analyzed whether claim under the UTPCPL should be subject to the tort or breach of contract statute of limitations). Thus, although it may be possible to view the "UTPCPL" claim as arising of a tort, the statute is ambiguous as to whether a UTPCPL claim should be subject to the statute of repose.

Because the statute is ambiguous as to whether the MCARE statute of repose precludes a claim under the UTPCPL, the intention of the General Assembly can be ascertained by considering "(1) The occasion and necessity for the statute; (2) The circumstances under which it was enacted; (3) The mischief to be remedied; (4) The object to be attained; (5) The former law, if any, including other statutes upon the same or similar subjects; (6) The consequences of a particular interpretation; (7) The contemporaneous legislative history; and (8) Legislative and administrative interpretations of such statute." 1 Pa. C.S. § 1921; *see Meyer v. Cmty. Coll. of Beaver Cty.*, 93 A.3d 806, 814 (Pa. 2014). The Pennsylvania General Assembly passed MCARE in 2002 to address concerns about the rising cost of medical professional liability insurance. *See Osborne*, 59 A.3d at 1112 ("[T]he MCARE Act was a response to a widely publicized perceived health care crisis in Pennsylvania, which included an alleged fear on the part of medical practitioners that malpractice insurance was becoming unaffordable resulting in some medical doctors opting to leave practice in the Commonwealth.") (*quoting Wexler v. Hecht*, 928 A.2d 973, 986 (Pa. 2007) (Castille, J., dissenting)). This is supported by the declarations of policy of MCARE which state

6

"medical professional liability insurance has to be obtainable at an affordable and reasonable cost in every geographic region of this Commonwealth." 40 Pa. S. § 1303.102(3). As the Pennsylvania Superior Court has previously noted, "[o]ne way in which the MCARE Act addressed the crisis of the rising cost of medical professional liability insurance was to institute a seven-year statute of repose on claims that, prior to the act, had no statute of repose at all." *Osborne*, 59 A.3d at 1112. Because the purpose of MCARE's statute of repose was to limit claims against medical providers to make medical professional liability insurance affordable, this Court should resolve this ambiguity about whether the UTPCPL claim falls within the statue of repose in favor of limiting the plaintiffs' cause of action.

In making its decision, this Court was also guided by the opinions of the Honorable Frederica Massiah-Jackson of the Court of Common Pleas, First Judicial District who addressed nearly identical facts in other cases involving allegations of unnecessary stent placements by Dr. Vidya Banka. *See Yudacufski v. Com., Dep't of Transp.*, 454 A.2d 923, 926 (Pa. 1982) ("It is well-settled that, absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based on the same set of facts."); *cf. Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer*, 610 A.2d 503, 505 (Pa. Super. 1992) ("trial court decision, from a different county, provided no binding precedent for the Delaware County Court in the instant case."). Judge Massiah-Jackson granted several motions dismissing claims against Dr. Vidya Banka pursuant to MCARE's statute of repose and attached opinions explaining her reasoning. *See Deni v. Banka*, No. 131200327, "Exhibit A" to Massiah-Jackson Order (C.P. Philadelphia, October 22, 2015); *Gallagher v. Banka*, No. 131203573, "Exhibit A" to Massiah-Jackson Order (C.P. Philadelphia, October 22, 2015); *Mathai v. Banka*, No. 131102814, "Exhibit A" to Massiah-Jackson Order (C.P. Philadelphia, October 22, 2015); *Wolfberg v. Banka*, No.

7

131203574, "Exhibit A" to Massiah-Jackson Order (C.P. Philadelphia, October 22, 2015).[2] This Court did not see compelling circumstances that necessitated issuing an order that conflicted with the orders of a colleague on the same court when the cases involved the same issue. *See Yudacufski*, 454 A.2d at 926.

2. Continuing treatment

The plaintiffs claim that the Court improperly failed to consider the dates of Ms. Shields' treatment with the defendants subsequent to the initial unnecessary stent placement surgery as continuing fraud which gave rise to causes of action within the seven (7) year time period of the MCARE Act's statute of repose. The MCARE statute of repose states "no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract." 40 Pa. S. § 1303.513. The complaint makes clear that the date of the alleged tort is August 16, 2007 when Ms. Shields underwent the stent procedure. *Complaint* ¶ 31. In fact, there is no reference in the complaint to any subsequent treatment by the defendants after the August 16, 2007 stent procedure. The plaintiffs did not raise the issue of subsequent treatment within the seven year period of the statute of repose until Plaintiffs' Sur-Reply in Opposition to the Motion for Judgment on the Pleadings. In deciding the motion for judgment on the pleadings, a court may only consider the pleadings and any documents properly attached to them. *See Integrated Project Servs. v. HMS Interiors, Inc.*, 931 A.2d 724, 732 (Pa. Super. 2007). This Court could therefore not consider the documents attached to Plaintiff's Sur-Reply indicating that Ms. Shields had doctor visits to Dr. Sahil Banka and Dr. Vidya Banka within the seven year period. Instead, this Court correctly decided that the

---

[2] However, this Court notes that Judge Massiah-Jackson did not address the issue of a UTPCPL claim in her opinions.

8

complaint as written did not include any references to treatment by defendants after August 16, 2007.

    3. The Court properly applied the statute of repose to the Penn Defendants.

For the first time, the plaintiffs argue in their Statement of Errors that MCARE's statute of repose should not apply to the Penn Defendants because the Penn Defendants' failure to protect the public from fraud occurred during the seven years before the filing of the complaint. First, this claim is waived because the plaintiffs did not raise this issue until after the notice of appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Furthermore, while the Penn Defendants may have been negligent in properly supervising and monitoring their employees within the seven years period before the initiation of this litigation, the failure of the Penn Defendants to properly supervise and monitor Dr. Vidya Banka *after* Ms. Shields' stent placement could not have caused Ms. Shields' injury, the unnecessary stent placement. As causation is a necessary element in plaintiffs' common law fraud, corporate liability, and UTPCPL claims against the Penn Defendants, plaintiffs' claims against the Penn Defendants must fail. *See* 73 Pa. S. § 201-9.2 ("Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, *as a result of* the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action"); *Kit v. Mitchell*, 771 A.2d 814, 819 (Pa. Super. 2001) ("To succeed in a fraud case, a plaintiff must establish the following elements . . . "the resulting injury was proximately caused by the reliance."); *Whittington v. Episcopal Hosp.*, 768 A.2d 1144, 1149 (Pa. Super. 2001) ("In order to present a primia facie case of corporate negligence, appellees were required to introduce evidence of the following: . . . that *the conduct was a substantial factor in bringing*

9

*about the harm.*"). Plaintiffs cannot bring a claim for the Penn Defendants' "failure to protect consumers and the general public" but only for Penn Defendant's failure to protect Ms. Shields from an unnecessary procedure.

## D. CONCLUSION

For the foregoing reasons, the decision of this Court should be affirmed.

BY THE COURT:

_DENIS P. COHEN, J._

Dated: June 28, 2016